[No. A094900. First Dist., Div. Five. Feb. 27, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER WHITE, Defendant and Appellant.

[No. A096512. First Dist., Div. Five. Feb. 27, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JASON E. FISHBAIN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, part I. of this opinion is not certified for *publication*.

638

**COUNSEL**

Judith Kahn, under appointment by the Court of Appeal, for Defendant and Appellant Christopher White.

Law Offices of J. David Nick and J. David Nick for Defendant and Appellant Jason Edward Fishbain.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, René A. Chacón and Nanette Winaker, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMONS, J.**—An officer on patrol observed a car with only one Arizona license plate affixed and with a tree-shaped air freshener hanging from the rearview mirror. Believing that these constituted Vehicle Code violations, the officer stopped the car and, in the course of his investigation, discovered five pounds of marijuana and thousands of dollars in cash in the trunk. Arizona, however, issues only one plate per vehicle, and we conclude that the officer's error of law, though made in good faith, cannot form the basis for a vehicle stop. We also determine that the evidence produced at the hearing on the defendants' motions to suppress failed to establish a reasonable basis for believing the air freshener reduced the driver's clear view. Thus, we conclude the trial court erred in denying the motions and reverse.

### PROCEDURAL BACKGROUND

Defendants Christopher White and Jason E. Fishbain were charged with possession of marijuana for sale (Health & Saf. Code, § 11359) (count one) and transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)) (count two) in an information filed May 20, 1999. In October 1999, motions to suppress evidence (Pen. Code, § 1538.5) made by Fishbain and White were heard by Judge Kimball Walker, a retired Los Angeles County Superior Court judge sitting on assignment in Humboldt County Superior Court. Judge Walker granted the motion to suppress as to Fishbain, and dismissed the charges against him. Judge Walker ruled that as to White, the search was reasonable.

In November 1999, the charges against White were dismissed, and a new complaint was filed against White and Fishbain on the same charges. In December 1999, White and Fishbain each made a second motion to suppress evidence, and each also moved for an order that the motions be heard by Judge Walker pursuant to Penal Code section 1538.5, subdivision (p) (hereafter section 1538.5(p)).[1] After a determination that Judge Walker was unavailable, the court (Judge Marilyn Miles) heard the motions and denied them. A jury subsequently convicted White on count two, but failed to reach verdicts on the other charges. Fishbain subsequently pled guilty to permitting his car to be used to store marijuana (Health & Saf. Code, § 11366.5.)

---

[1]Section 1538.5(p) provides: "If a defendant's motion to return property or suppress evidence in a felony matter has been granted twice, the people may not file a new complaint or seek an indictment in order to relitigate the motion or relitigate the matter de novo at a special hearing in the superior court as otherwise provided by subdivision (j), unless the people discover additional evidence relating to the motion that was not reasonably discoverable at the time of the second suppression hearing. Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing *if the judge is available*." (Italics added.)

In this consolidated appeal, White contends the trial court erroneously denied his motion to have his second suppression motion heard by the same judge who granted the first. In addition, both defendants contend the court erroneously denied their motions to suppress evidence. Finally, White challenges certain evidentiary rulings at the trial.

## FACTUAL BACKGROUND

About 3:30 p.m. on January 31, 1999, California Highway Patrol (CHP) Officer Douglas Mertz was traveling south on Highway 101 when he passed a car that had no front license plate, which he believed violated Vehicle Code section 5200.[2] Mertz also noticed an object hanging from the car's rearview mirror, which he believed constituted an additional violation. Mertz then stopped the car and approached the driver's side where Fishbain was seated, motioning for him to roll down the window. As Fishbain complied, Mertz noticed a "very strong" odor coming from the car's air freshener and the odor of burnt marijuana. Mertz then contacted White who was seated in the front passenger seat. Mertz again smelled the odor of burnt marijuana inside the car, suspected there was marijuana in the car, and requested backup police support for safety reasons. After the backup officer arrived, the car's occupants were ordered out of the car and Mertz searched it. Underneath the driver's seat, Mertz found a glass pipe used for smoking marijuana. In the center console, Mertz found a small glass vial containing marijuana. In searching the backseat, Mertz smelled the odor of fresh marijuana possibly emanating from the trunk. Inside the trunk, Mertz found a backpack containing male clothing, two glass marijuana pipes and $9,230 in cash. A black duffle bag found inside the trunk contained 10 heat-sealed packages of marijuana weighing over five pounds. A search of Fishbain's wallet revealed an insurance card for the car in his name.

## DISCUSSION

### I. White Failed to Demonstrate That the Determination as to Judge Walker's Unavailability Was Erroneous*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### II. The Suppression Motions Were Erroneously Denied

White and Fishbain contend their suppression motions were erroneously denied because there was no legal basis for the traffic stop. Mertz testified to

---

[2]Vehicle Code section 5200 provides: "When two license plates are issued by the department for a vehicle, they shall be attached to the vehicle for which they were issued, one in the front and the other in the rear. When one license plate is issued for use upon a vehicle, it shall be attached to the rear thereof."

*See footnote, ante, page 636.

two different bases and the trial court accepted both. We consider each separately.

## A.  *The Air Freshener*

The officer testified that, while driving, he observed a tree-shaped air freshener hanging from the rearview mirror of the Fishbain vehicle, which he believed violated Vehicle Code section 26708, subdivision (a)(1).[7] The air freshener remained in a stationary position while the officer followed the Fishbain vehicle. As the People seem to concede, the officer relied on the incorrect subdivision to justify the stop. Section 26708, subdivision (a)(1) prohibits the placement, display, installation or affixing of any "object or material . . . upon the windshield or side or rear windows." The air freshener did not violate this subdivision because an object hanging from the rearview mirror is not affixed "upon" the car's windshield. (See *U.S. v. King* (9th Cir. 2001) 244 F.3d 736, 740 [the word "upon" in a similar Anchorage Municipal Code section requires "placement on or in direct contact with the windshield"].) However, "an officer's reliance on the wrong statute does not render his actions unlawful if there is a right statute that applies to the defendant's conduct." (*In re Justin K.* (2002) 98 Cal.App.4th 695, 700 [120 Cal.Rptr.2d 546]; *U.S. v. Wallace* (9th Cir. 2000) 213 F.3d 1216, 1220.) The People argue that the air freshener violated section 26708, subdivision (a)(2), which provides: "No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle which obstructs or reduces the driver's clear view through the windshield or side windows." We disagree.

"Under the Fourth Amendment, government officials may conduct an investigatory stop of a vehicle only if they possess 'reasonable suspicion: a particularized and objective basis for suspecting the particular person stopped of criminal activity.' [Citations.] Such reasonable suspicion 'requires specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that a particular person is engaged in criminal conduct.' [Citation.]" (*U.S. v. Twilley* (9th Cir. 2000) 222 F.3d 1092, 1095.)

On appeal from a motion to suppress evidence, all presumptions are in favor of the trial court's factual findings, whether express or implied, where supported by substantial evidence, and we review de novo the facts most favorable to the People to determine whether the officer's conduct in

---

[7]Vehicle Code section 26708, subdivision (a)(1) prohibits the placement, display, installation or affixing of any "object or material . . . upon the windshield or side or rear windows."

performing the traffic stop was reasonable under the Fourth Amendment. (*People v. Glaser* (1995) 11 Cal.4th 354, 362 [45 Cal.Rptr.2d 425, 902 P.2d 729]; *People v. Leyba* (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961].) In evaluating the legality of the traffic stop and search of the car, we are governed by federal constitutional law. (See *In re Lance W.* (1985) 37 Cal.3d 873, 884-890 [210 Cal.Rptr. 631, 694 P.2d 744].)

■ The trial court ruled the air freshener hanging from the rearview mirror provided a valid basis for the traffic stop because it did not come within any of the enumerated exceptions in Vehicle Code section 26708, subdivision (b). However, the lack of an enumerated exception is not dispositive. We must determine whether it was objectively reasonable for Mertz to believe that the air freshener obstructed or reduced Fishbain's clear view through the windshield so as to constitute a possible violation of the Vehicle Code. On this record, we do not believe it was.

By its plain language, Vehicle Code section 26708, subdivision (a)(2) prohibits driving a vehicle with an object displayed that obstructs or reduces the driver's clear view through the windshield or side windows. The statute does not flatly prohibit hanging any object on a rearview mirror. It is worthy of note that the officer never testified that he believed the air freshener obstructed the driver's view. Moreover, the Vehicle Code section the officer mistakenly referenced prohibits the placement of certain objects on the vehicle without regard to whether or not these objects obstruct or reduce the driver's view. Finally, the officer never testified to other specific and articulable facts, like hesitant or erratic driving, that might suggest the driver's clear view was impeded.

The defense, on the other hand, presented evidence from civil engineer James Munn, who testified that the air freshener covered less than .05 percent of the total surface of the car's windshield. Munn concluded that based on the relative sizes of the air freshener and windshield, an air freshener hanging from the rearview mirror would not obstruct the vision of a six-foot-tall driver. Munn also testified to an experiment he conducted that verified this conclusion. Fishbain testified that the air freshener did not obstruct his vision as he drove the car. Finally, the trial court, itself, noted the ubiquitous nature of these air fresheners and stated that it had "difficulty accepting" that such an object would really obstruct a driver's view.

Based on the evidence presented at the hearing, we conclude it was not reasonable for the officer to believe that the object he observed may have obstructed or reduced the driver's clear view. Thus, the vehicle stop cannot be justified on this basis.

### B. *The Single License Plate*

■ The officer relied on one additional basis for the stop: he believed that having a single Arizona license plate affixed to the car violated the Vehicle Code.[8] However, this Vehicle Code provision is violated only if the law of the issuing state is violated, and Arizona law unambiguously requires only one license plate for motor vehicles.[9] We conclude that this mistake of law vitiates the officer's basis for the stop.

The trial court relied on *People v. Glick* (1988) 203 Cal.App.3d 796, 799 [250 Cal.Rptr. 315] to uphold the stop despite the officer's error. In *Glick*, a police officer stopped a vehicle in the mistaken belief that its New Jersey license plate lacked a required registration sticker. Unbeknownst to the officer, New Jersey law did not require renewal tags to be placed on the license plates of private vehicles, as does California. During the traffic stop, a license check revealed that the vehicle was stolen and a search of the driver turned up cocaine. The defendant argued that the police officer's misapprehension of New Jersey law made the traffic stop unreasonable.

*Glick* noted that to pass muster under the Fourth Amendment, the officer's conduct under the known circumstances must be objectively reasonable. (*People v. Glick, supra,* 203 Cal.App.3d at p. 801.) The court rejected any distinction between a mistake of fact and mistake of law and concluded that the only issue was the reasonableness of the officer's conduct in the circumstances. (*Id.* at pp. 801-802.) *Glick* found the stop reasonable, though based on an error of law. In his career, the officer had stopped cars from nine other states for faulty registration and each state required the registration stickers on license plates. (*Id.* at p. 799.) In addition, "the New Jersey Vehicle Code is not something the officer is reasonably expected to know or has an opportunity to routinely enforce." (*Glick*, at p. 803.) *Glick* noted that a different outcome may be required if the vehicle was from a contiguous sister state or if the foreign state's motorists routinely drive along California roads. (*Ibid.*)

*Glick* is distinguishable from the instant case which *does* involve a vehicle from a contiguous sister state. More significantly, we do not believe a suspicion founded on a mistake of law can constitute the reasonable basis

---

[8]As we noted earlier, the officer believed that this violated Vehicle Code section 5200, though in fact it is section 5202 that incorporates out-of-state requirements into California law.

[9]Section 28-2354 of the Arizona Revised Statutes states in pertinent part: "A. A person shall display the license plate or plates as follows: [¶] 1. For a motor vehicle, . . . on the rear."

required for a lawful traffic stop. (See *In re Justin K., supra,* 98 Cal.App.4th at pp. 699-700 [if a defendant does not actually break the law, the officer's mistaken belief there has been a violation adds nothing to the probable cause equation]; *U.S. v. King, supra,* 244 F.3d at pp. 741-742; *U.S. v. Twilley, supra,* 222 F.3d at p. 1096; *U.S. v. Wallace, supra,* 213 F.3d at pp. 1220-1221; *U.S. v. Lopez-Soto* (9th Cir. 2000) 205 F.3d 1101, 1106 [suspicion based on a mistake of law cannot be the reasonable suspicion required for a traffic stop because it is not objectively grounded]; *U.S. v. Miller* (5th Cir. 1998) 146 F.3d 274, 280.)

*Twilley* is particularly apt. In that case, a CHP officer noticed a vehicle traveling with only one Michigan license plate on the rear of the vehicle. (*U.S. v. Twilley, supra,* 222 F.3d at p. 1094.) The officer mistakenly believed that Michigan, like California, issued two plates and that the vehicle was in violation of Vehicle Code section 5202. The Ninth Circuit Court of Appeals rejected the People's argument that the officer's belief that two plates were required was objectively reasonable because most states require two plates and because the officer did not have experience with vehicles registered in Michigan. *Twilley* acknowledged that an officer's mistaken factual belief, held reasonably and in good faith, can provide reasonable suspicion for a traffic stop. (*Twilley,* at p. 1096, fn. 1.) However, disagreeing with *People v. Glick, supra,* 203 Cal.App.3d 796, and citing *U.S. v. Lopez-Soto, supra,* 205 F.3d 1101, the *Twilley* court noted that the distinction between a mistake of fact and a mistake of law is crucial to determining whether reasonable suspicion exists to effect a traffic stop. (*Twilley,* at p. 1096, fn. 1.) It concluded that a stop resting on a suspicion based solely on an officer's mistake of law violates the Fourth Amendment. (*Twilley,* at p. 1096.)

We agree with *Twilley*'s reasoning and result. Though we assume the officer acted in good faith, there is no good faith exception to the exclusionary rule for police who enforce a legal standard that does not exist. Creating a good faith exception here would run counter to the exclusionary rule's goal by removing an incentive for the police to know the law we entrust them to enforce. (*U.S. v. Lopez-Soto, supra,* 205 F.3d at p. 1106.)

In this case, the officer justified the vehicle stop on two bases. Since we conclude that each is insufficient, we determine that defendants' motions to suppress should have been granted.[10]

---

[10]Because we hold that the evidence should have been suppressed and reverse defendants' convictions, we need not reach the issue of whether evidence that the car's passenger, Veronica Quatse, possessed the marijuana was properly excluded.

## Disposition

The judgments are reversed.

Jones, P. J., and Gemello, J., concurred.

On April 1, 2003, the opinion was modified to read as printed above.