2 Cal.Rptr.3d 181 (2003)
110 Cal.App.4th Supp. 1
The PEOPLE, Plaintiff and Respondent,
v.
Alejandro HERNANDEZ, Defendant and Appellant.
No. ACR 4497.
Appellate Division, Superior Court, Santa Clara County.
June 27, 2003.
*182 George Kennedy, District Attorney, K.C. Lopez and Cindy Cole, Deputy District Attorneys, for Plaintiff and Respondent.
Scott Ewbank, San Jose, for Defendant and Appellant.

OPINION
THANG N. BARRETT, Judge.

INTRODUCTION
On September 23, 2001, Officer Kurtis Powell of the California Highway Patrol observed a Chevy Blazer with a front license plate frame that was ringed with a neon purple light. Believing that this constituted a violation of the Vehicle Code, Officer Powell made a car stop and, in the course of his investigation, discovered that defendant had been driving while under the influence of alcohol.
Defendant brought a motion to suppress in the trial court, claiming that the officer lacked a reasonable basis for believing the neon purple light around the license plate frame was unlawful. Agreeing with Officer Powell that the slight emitting from defendant's neon license plate frame could only be white or amber,[1] the trial court denied the motion. We reverse.

PROCEDURAL BACKGROUND
In a complaint filed on September 26, 2001, defendant was charged in count 1 with a violation of Vehicle Code section 23152, subdivision (a)[2] (driving while under the influence of alcohol), and in count 2 with a violation of section 23152, subdivision (b) (driving with a blood-alcohol level of .08 or more). The complaint also alleged that defendant had suffered two prior convictions for driving under the influence.
Following the denial of his suppression motion, defendant pled guilty to count 2 and admitted the allegations of two prior convictions.
On appeal, defendant's attorney submitted a brief pursuant to People v. Wende (1979) 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071, requiring this court to independently review the record for arguable issues. After our review, we directed the parties to brief the issue of whether the purple neon light emitting from defendant's front license plate frame was a proper basis for the traffic stop.

DISCUSSION
At the hearing on defendant's motion to suppress, Officer Powell testified he made the stop "[f]or unlawful lighting to the front.... Amber and white are the only two authorized lights that's [sic] permitted to the front of the vehicle." Relying on section 25950, the trial court found that any light other than white or yellow was illegal and denied the suppression motion.

A. The Standard of Review.
"The standard of appellate review of a trial court's ruling on a motion to *183 suppress is well established. We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment." (People v. Glaser (1995) 11 Cal.4th 354, 362, 45 Cal.Rptr.2d 425, 902 P.2d 729.)

B. The Basis for a Detention
A detention "may be undertaken by the police `if there is an articulable suspicion that a person has committed or is about to commit a crime.'" (In re James D. (1987) 43 Cal.3d 903, 911, 239 Cal.Rptr. 663, 741 P.2d 161, quoting Wilson v. Superior Court (1983) 34 Cal.3d 777, 784, 195 Cal.Rptr. 671, 670 P.2d 325.)
For traffic infractions, a police officer may lawfully stop a motorist "if the facts and circumstances known to the officer support at least a reasonable suspicion that the driver has violated the Vehicle Code or some other law." (People v. Miranda (1993) 17 Cal.App.4th 917, 926, 21 Cal.Rptr.2d 785.)

C. There Was Insufficient Evidence to Support a Reasonable Suspicion That the Purple Neon Light Around the License Plate Was Unlawful.
As stated earlier, the trial court relied on section 25950 in denying defendant's motion to suppress. Section 25950, subdivision (a) provides, in relevant part, that "the emitted light from all lamps and the reflected light from all reflectors, visible from the front of a vehicle, shall be white or yellow...." Section 25950, however, is not applicable to all lights visible from the front of a vehicle. Indeed, "a lamp or device on the exterior of the vehicle that emits a diffused nonglaring light of not more than 0.05 candela per square inch of area ... shall not display red to the front, but may display other colors," provided it does "not resemble nor be installed within 12 inches or in such position as to interfere with the visibility or effectiveness of any required lamp, reflector, or other device upon the vehicle." (§ 25400, italics added.)
Thus, a light that is not white or yellow is not necessarily unlawful, because it may nevertheless be authorized under section 25400 as long as the conditions set forth therein are met. Here, however, there was no evidence whatsoever addressing whether or not the ring of purple neon light around defendant's license plate was unlawful under section 25400. For example, there was no evidence about how bright the purple neon light was, or whether or not the light was diffused or nonglaring.[3] (See People v. Butler (1988) 202 Cal.App.3d 602, 607, 248 Cal.Rptr. 887 [stop is unlawful if based solely on observation that car has tinted windows, as not all tinted glass is illegal; additional articulable facts are required].) Therefore, the People failed to meet their burden in showing that the officer had a reasonable suspicion that the purple neon light around defendant's front license plate light was unlawful.[4] (See People v. *184 Williams (1999) 20 Cal.4th 119, 130, 83 Cal.Rptr.2d 275, 973 P.2d 52 [The People retain the burden of proving that the warrantless search or seizure was reasonable under the circumstances].)

D. Officer Powell's Mistake of Law Cannot Be the Basis for the Car Stop
The People argue that even if, in actuality, the neon light around defendant's license frame did not violate the Vehicle Code, Officer Powell nevertheless articulated a reasonable, albeit erroneous, good faith belief that a vehicle violation had occurred. The People's assertion is incorrect. "`If an officer simply does not know the law, and makes a stop based upon objective facts that cannot constitute a violation, his suspicions cannot be reasonable.'" (In re Justin K. (2002) 98 Cal.App.4th 695, 700, 120 Cal.Rptr.2d 546, quoting U.S. v. Mariscal (9th Cir.2002) 285 F.3d 1127,1130.)
In People v. White (2003) 107 Cal. App.4th 636, 643-4, 132 Cal.Rptr.2d 371, the officer mistakenly believed that having a single Arizona license plate affixed to the car violated the Vehicle Code. However, section 5202 incorporates out-of-state requirements into California law, and Arizona law requires only one license plate for motor vehicles. Finding that the officer's mistake of law vitiated the basis for the stop, the court wrote: "Though we assume the officer acted in good faith, there is no good faith exception to the exclusionary rule for police who enforce a legal standard that does not exist. Creating a good faith exception here would run counter to the exclusionary rule's goal by removing an incentive for the police to know the law we entrust them to enforce." ((People v. White, supra, at p. 644, 132 Cal.Rptr.2d 371.)
Here, the officer's stated legal basis for the stop, that all front lights are unlawful unless either white or yellow, was simply erroneous. In the absence of articulable facts that the neon light around defendant's front license plate frame was unlawful under the Vehicle Code, the detention cannot be upheld.

DISPOSITION
The judgment is reversed.
We concur: RAY E. CUNNINGHAM, Presiding Judge, and SUSAN R. BERNARDINI, Judge.
NOTES
[1] "Yellow" and "amber" were used interchangeably in the hearing on defendant's motion to suppress.
[2] All statutory references cited herein are to the Vehicle Code.
[3] As an interesting aside, the neon light at issue may well be a diffused, nonglaring light as described in section 25400. (See Web site postings at [as of June 27, 2003]; and [as of June 27, 2003] [online retailer's postings claiming that its neon tubes are nonglaring and diffused in compliance with California law].) As these postings are not proper evidence before us, we have not taken them into consideration for purposes of this decision.
[4] Furthermore, there was no evidence regarding whether the light was "installed within 12 inches or in such position as to interfere with the visibility or effectiveness of any required lamp, reflector, or other device upon the vehicle." (§ 25400, subd. (b).) It should be noted that, unlike a rear license plate, there is no law requiring that a front license plate be illuminated by a white light. (See § 24601.)