[No. H031479. Sixth Dist. Dec. 11, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK ANTHONY COLBERT, Defendant and Appellant.

COUNSEL

Paul Starrett, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Rene A. Chacon and Donna M. Provenzano, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**MIHARA, Acting P. J.**—A tree-shaped air freshener was hanging from the rearview mirror of defendant's car. A police officer saw the hanging object,

concluded that it was obstructing defendant's view through the front windshield in violation of Vehicle Code section 26708, subdivision (a)(2), and detained defendant's vehicle. Defendant asserts that the officer lacked an objective basis for concluding that the air freshener was obstructing his view through the front windshield. We conclude that the evidence in this case, unlike the evidence in *People v. White* (2003) 107 Cal.App.4th 636 [132 Cal.Rptr.2d 371] (*White*), supports the magistrate's finding that the officer had an objective basis for his belief that the air freshener was obstructing defendant's view.

## I. Factual and Procedural Background

On December 1, 2005, about 12:30 p.m., Agent Scott McCrossin of the Los Altos Police Department was driving westbound on Foothill Expressway in Los Altos in his patrol vehicle. As he passed an older, white Oldsmobile, he "observed an item hanging from the rear view mirror in the vehicle" that he believed was "large enough to obstruct [the driver's] view through the front windshield." The item hanging from the rearview mirror was a flat air freshener shaped like a tree. It was hanging from a string or thread. The air freshener was 4.75 inches tall, had a base of 1.75 inches, and was 2.75 inches wide at its widest point.[1]

Through personal experience, McCrossin knew that an object of this size could obstruct the driver's view. McCrossin had found it necessary to remove a similar-sized object that he had hung from the rearview mirror in his personal vehicle because it obstructed his view. He had discovered that, due to the proximity of the hanging object to the driver's face, "it actually obstructs the view of larger objects such as vehicles or pedestrians" despite the hanging object's small size.

McCrossin believed that the obstruction created by the air freshener hanging from the Oldsmobile's rearview mirror violated Vehicle Code section 26708, subdivision (a)(2). McCrossin understood that Vehicle Code section 26708, subdivision (a)(2) did not "necessarily" apply to "any item . . . hung on a rear view mirror." "It has to either be obstructing the vision from the front windshield or the side windows first of all. Then it has to be large enough that it is actually going to obstruct items or objects such as vehicles or pedestrians in the roadway." McCrossin was aware of an accident "in the past year" that had been caused by something hanging from a rearview mirror.

McCrossin pulled behind the Oldsmobile, activated his emergency lights and stopped the Oldsmobile. Defendant was driving the Oldsmobile, and he

---

[1] The magistrate observed that "this is the air freshener that the Court in the *White* case referred to as ubiquitous."

had one passenger, his nephew. Defendant provided McCrossin with a driver's license identifying himself. McCrossin contacted dispatch and asked for a check on the validity of defendant's license and on whether defendant had any outstanding warrants. McCrossin was informed that defendant was on "active parole." He asked defendant and his nephew to exit the Oldsmobile, and he conducted a search of the vehicle "pursuant to his parole conditions."

McCrossin found a credit card bearing a woman's name and a plastic bag containing 11 methadone pills in and around the center console between the front seats. Defendant told the officer that the pills were "vitamin pills." McCrossin asked defendant and his nephew if they knew anyone by the name on the credit card, and they denied knowing any such person. Defendant was arrested. An hour after defendant's arrest, McCrossin observed that defendant appeared to be under the influence of a controlled substance. McCrossin subsequently discovered that the credit card had been reported lost two days earlier. The owner of the credit card did not know defendant or his nephew.

Defendant filed a suppression motion in advance of the preliminary examination. First, he asserted that there was no air freshener hanging from his rearview mirror. Second, defendant claimed that, if there was an air freshener hanging there, it was not objectively reasonable for the officer to believe that the air freshener was obstructing the driver's view. Defendant relied on *White, supra*, 107 Cal.App.4th 636.

At the preliminary examination, the magistrate noted that the standard was "whether it was objectively reasonable for the police officer to believe that the air freshener obstructed or reduced the driver's clear view through the windshield . . . ." The magistrate explained that the officer did not "have to absolutely determine [that there was a violation] before there [was] a detention. There has to just be a rational basis for a detention." The magistrate credited McCrossin's testimony, and he concluded that McCrossin "did have an objectively [*sic*] and reasonable basis for believing that the code section was violated." The magistrate distinguished *White* based on McCrossin's testimony, concluded that the detention was lawful, and denied defendant's suppression motion.

Defendant was charged by information with possession of methadone (Health & Saf. Code, § 11350, subd. (a)), misdemeanor appropriation of lost property (Pen. Code, §§ 485–488) and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). It was further alleged that he had suffered a prior "strike" conviction (Pen. Code, §§ 667, subds. (b)–(i), 1170.12) and served a prison term for a prior felony conviction (Pen. Code, § 667.5, subd. (b)).

Defendant renewed his claim that the detention was unlawful in a Penal Code section 995 motion. His motion was denied. Defendant entered no contest pleas to all three counts, and he admitted the strike prior and prison prior allegations. The court struck the strike prior and struck the punishment for the prison prior. Defendant was committed to state prison to serve a two-year term. He filed a timely notice of appeal challenging only the denial of his suppression motion.

## II.  Analysis

■ "On appeal from a motion to suppress evidence, all presumptions are in favor of the trial court's factual findings, whether express or implied, where supported by substantial evidence, and we review de novo the facts most favorable to the People to determine whether the officer's conduct in performing the traffic stop was reasonable under the Fourth Amendment." (*White, supra,* 107 Cal.App.4th 636, 641–642.) "A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People v. Souza* (1994) 9 Cal.4th 224, 231 [36 Cal.Rptr.2d 569, 885 P.2d 982].)

McCrossin testified that he believed that the hanging air freshener obstructed the driver's view in violation of Vehicle Code section 26708, subdivision (a)(2). "No person shall drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle which obstructs or reduces the driver's clear view through the windshield or side windows." (Veh. Code, § 26708, subd. (a)(2).) Defendant claims that McCrossin's belief that the hanging air freshener violated Vehicle Code section 26708, subdivision (a)(2) was not supported by specific and articulable facts.

Defendant relies exclusively on *White.* In *White,* a police officer observed that a car had no front license plate and had a tree-shaped air freshener hanging from the rearview mirror. (*White, supra,* 107 Cal.App.4th at p. 640.) The officer believed that the lack of a front license plate and the hanging air freshener were Vehicle Code violations, and he detained the vehicle and found narcotics. (*White,* at p. 640.) The defendant moved to suppress the evidence on the ground that the detention was unlawful. The trial court concluded that the hanging air freshener justified the detention under Vehicle Code section 26708, subdivision (a)(2), and it denied the suppression motion. The First District Court of Appeal reversed.

The First District posed the issue as "whether it was objectively reasonable for [the officer] to believe that the air freshener obstructed or reduced [the

driver's] clear view through the windshield so as to constitute a possible violation of the Vehicle Code." (*White, supra,* 107 Cal.App.4th at p. 642.) The evidence that was before the trial court on the suppression motion was very limited. The First District noted that the officer "never testified that he believed the air freshener obstructed the driver's view" or identified any "other specific and articulable facts, like hesitant or erratic driving, that might suggest the driver's clear view was impeded." (*White,* at p. 642.) The defense, on the other hand, presented testimony by a civil engineer who had performed an experiment and concluded "that the air freshener covered less than .05 percent of the total surface of the car's windshield" and that the hanging air freshener "would not obstruct the vision of a six-foot-tall driver." (*White,* at p. 642.) The driver testified that the air freshener had not obstructed his vision when he was driving the car. (*White,* at p. 642.) The trial court had itself "stated that it had 'difficulty accepting' that such an object would really obstruct a driver's view." (*White,* at p. 642.) On the evidence that was before the trial court, the First District concluded that the detention had not been supported by specific and articulable facts that supported the officer's belief that the driver's view was obstructed. (*White,* at p. 642.)

The evidence before the magistrate in this case contained precisely what was missing in *White* and did not include any of the evidence that supported the defense argument in *White.* McCrossin explicitly testified that the air freshener was "large enough to obstruct [the driver's] view through the front windshield." He described the precise dimensions of the air freshener and related how he had personally experienced the view obstruction that an object of that size could pose when he hung a similar-sized object from the rearview mirror of his personal vehicle. McCrossin explained that the proximity to the driver's face of an object hanging from the rearview mirror resulted in the object "actually obstruct[ing] the view of larger objects such as vehicles or pedestrians" despite the hanging object's small size.

In *White,* the officer did not testify that the air freshener obstructed the driver's view and did not identify *any* "specific and articulable facts" that suggested that the driver's view was impeded. Here, McCrossin testified that the air freshener obstructed defendant's view through the windshield, and he explained how he had personally experienced that an object of similar size obstructed a driver's view of vehicles and pedestrians through the windshield. McCrossin's testimony, unlike the testimony of the officer in *White,* provided specific and articulable facts that supported an objectively reasonable conclusion that the hanging air freshener in defendant's vehicle violated Vehicle Code section 26708, subdivision (a)(2). And, unlike in *White,* there was no evidence presented by the defense that the air freshener did not obstruct the driver's view. The magistrate did not err in denying defendant's suppression motion, nor did the trial court err in denying his Penal Code section 995 motion.

## III. Disposition

The judgment is affirmed.

McAdams, J., and Duffy, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 26, 2008, S160095.