Filed 10/9/14  Modified and Certified for Publication 11/6/14  (mod. incorporated into opn.; order not available electronically)

## TO BE PUBLISHED IN THE OFFICIAL REPORTS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

**APPELLATE DIVISION**

| | |
|---|---|
| THE PEOPLE, | Appellate Division No.:  CA256406 |
| Plaintiff and Respondent, | Trial Court Case No.:  M178993 |
| v. | Trial Court Location:  Central Division County Courthouse |
| FELIPE CAMPUZANO, | **OPINION** (modified 11/6/14) |
| Defendant and Appellant. | |

Appeal from the denial of defendant Felipe Campuzano's pretrial Penal Code section 1538.5 motion to suppress evidence by the Superior Court, County of San Diego, Kenneth K. So, Judge.

Reversed.

**Factual and Procedural Background**

On December 17, 2013 at approximately 9:30 p.m., the defendant was straddling his bicycle and operating it at a "very slow, walking speed" alongside of a female companion who was walking.  The couple was traveling eastbound along the 3800 block of University Avenue near the corner of 39th Street when they were first observed by police officers.  Two officers contacted and detained the defendant just before the traffic light at the intersection of 39th Street and University

1

Avenue because he was "riding on a bicycle in a business district" in violation of San Diego Municipal Code section 84.09(a)[1].

The officers described the area as a business district with "no residential homes on that block." The officers more specifically testified that there were business establishments on the west side of that same block and that it could "absolutely" be classified as a commercial area. Photographs of businesses across the street and on the west side of the block were admitted into evidence. There were no photographs showing any business(es) where the defendant was initially seen or stopped. Subsequent to the stop, the officers observed objective symptoms of drug intoxication and arrested defendant for violating Health and Safety Code section 11550.

After the testimony of witnesses was completed, the hearing was continued to permit the parties to present additional information to the court on the nature of the businesses on the block in question. At the subsequent hearing, the parties stipulated that the bicycle offense was alleged to have occurred in the area depicted in the photographic exhibits submitted to the court, in front of the former business known as Lee's Auto Repair. The photographs depict the former Lee's Auto Repair as the corner lot next to the intersection of University Avenue and 39th Street surrounded by a chain link fence with weeds growing along the fence and in the asphalt of the parking lot of that former business. The trial court made several references to "the former Lee's Auto Repair" while viewing the photographs. There was no testimony as to what type of a lot was to the west-side of the former Lee's Auto Repair or how far down the block the next commercial business establishment was located.

The trial court recognized that this was a case of first impression and wrestled with the interpretation of San Diego Municipal Code section 84.09(a). The trial court believed the thrust of

---

[1] San Diego Municipal Code section 84.09 (Bicycle Riding Restricted) provides in pertinent part:
"(a) **No person shall operate a bicycle upon any sidewalk fronting any commercial business establishment unless official signs are posted authorizing such use.**
(b) Any person riding or operating a bicycle on any sidewalk or right of way not open to public vehicular traffic shall exercise due care and shall yield the right of way to pedestrians.
(c) No person shall operate a bicycle on any sidewalk or right of way not open to public vehicular traffic at a speed greater than is reasonable and prudent having due regard for pedestrian traffic and in no event at a speed which endangers the safety of persons or property." (Emphasis added.)

the statute was the policy to preclude bicycle riding along sidewalks where people would be going in and out of stores. The trial court ultimately agreed with the People's proposed broad interpretation of the ordinance – that if there are any commercial establishments on the block, the sidewalk of that entire block is covered by the ordinance. Based upon this interpretation, the trial court denied defendant's suppression motion.

## Discussion

Statutory interpretation is subject to de novo review, and *People v. Glaser* (1995) 11 Cal.4th 354 explains the applicable standard of review relative to the trial court's factual findings and the reasonableness of a search or seizure:

> [The appellate court] defer[s] to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, [an appellate court] exercise[s] independent judgment. [Citations.]

(*Id.* at p. 362.)

This is a case of first impression as to the interpretation of San Diego Municipal Code section 84.09(a) and whether, based upon that interpretation, the stop and detention of the defendant was reasonable. We are guided by the following rules of statutory construction:

(1) Courts look to the Legislature's intent to effectuate a statute's purpose.

(2) Courts give the words of a statute their usual and ordinary meaning.

(3) A statute's plain meaning controls the court's interpretation unless the statutory words are ambiguous.

(4) If the words of a statute do not themselves indicate legislative intent, courts may resolve ambiguities by examining the context and adopting a construction that harmonizes the statute internally and with related statutes.

(5) A literal construction does not prevail if contrary to the apparent legislative intent.

(6) If a statute is amenable to two alternative interpretations, courts will follow the one that leads to the more reasonable result.

(7) Courts may consider legislative history, statutory purpose, and public policy to construe

3

an ambiguous statute.

(8) If a statute defining a crime or punishment is susceptible of two reasonable interpretations, courts will ordinarily adopt the interpretation more favorable to the defendant. (*People v. Arias* (2008) 45 Cal.4th 169, 171.) The People propose an expansive reading of the statute consistent with the police officers' interpretation of the ordinance -- that if there are *any* commercial establishments on the block, the sidewalk of the entire block is covered by subdivision (a) of section 84.09(a). The defense proposes a narrow interpretation and strict construction of the ordinance – that it applies to the operation of a bicycle upon the sidewalk directly in front of an existing commercial establishment.

In the instant matter, the police officers saw the defendant for the first time when he was operating a bicycle on the sidewalk in front of the former Lee's Auto Repair lot. The finding of the court that the photographs depict the *former* Lee's Auto Repair indicates that all parties were aware that the business was closed and was no longer operating as a "commercial business establishment."

The intended purpose of section 84.09, subdivision (a) is to preclude bicycle traffic on sidewalks where people are going in and out of commercial businesses. Subdivision (a) of the ordinance must be read in conjunction with subdivisions (b) and (c), which permit the riding or operation of a bicycle on *any* sidewalk with due care and the yielding of the right of way to pedestrians and at a speed that is no greater than is reasonable and prudent having due regard for pedestrian traffic. The plain meaning of subdivision (a) is that bicycle operation is precluded only on the sidewalk fronting[2] commercial[3] business[4] establishments or places that are generally open for the trading of commodities and/or services.[5]

---

[2] Webster's New World Dictionary defines "front" as "…the part of something that faces forward or is regarded as facing forward; most important side; forepart; the place or position directly before a person or thing; *Archit.* A face of a building; esp., the face with the principal entrance."

[3] Webster's New World Dictionary defines "commercial" as "…of or connected with commerce or trade; of or having to do with stores, office buildings, etc. [commercial property]." The same dictionary defines commerce as "the buying or selling or goods…; trade."

[4] Webster's New World Dictionary defines "business" as "the buying and selling of commodities and services; store, factory, etc.; …a commercial or industrial establishment; a store, factory, etc.; the trade or patronage of customers."

[5] Subdivision (a) would, of course, apply when an active commercial business establishment is temporarily closed (e.g., after business hours or during holiday closures). In such a circumstance the business is *currently operating*, where employees may still be coming to and from even though the store is closed to customers. The business at issue here, in contrast, was permanently closed and clearly vacated.

4

If the City Council intended for subdivision (a) to apply to the entire block in a commercial or business district, they could have readily and expressly included such language in the ordinance.[6] Similarly, if the City Council intended that the ordinance apply to the entire block when there are one or more businesses on the block, they could have so stated. However, the City Council chose to limit the offense to operating a bicycle upon any sidewalk in front of a commercial business establishment. The words of the ordinance are clear and unambiguous, especially when read in context along with subdivisions (b) and (c).[7]

This narrow interpretation of the ordinance serves to provide police officers with clear guidance and direction and will appropriately limit police power. Officers should not have carte blanche to stop anyone riding a bicycle on any block with a commercial business establishment, including mix-use blocks where residences and business establishments co-exist on the same block. Similarly, there is no need to generally prevent bicycle riding on sidewalks where a few of the buildings or lots on the block have been boarded up or are closed to all business, or in front of residences within a block that also contains commercial business establishments.

In the instant matter, the officers' interpretation of San Diego Municipal Code section 84.09, subdivision (a) was a mistake of law. An officer's erroneous interpretation of California law or a local ordinance is generally considered unreasonable. (*People v. Lopez* (1987) 197 Cal. App. 3d 93, 101 [good faith does not excuse erroneous belief that statute prohibiting possession of open container of alcohol in vehicle on highway applies to a vehicle in a parking lot].) Courts usually view mistakes of law as unreasonable because when the wording of a statute or ordinance is reasonably clear, a contrary ruling would provide an incentive to remain ignorant of the law. (*People v. Teresinski* (1982) 30 Cal. 3d 822, 832.) A traffic stop based on a mistake of law is unreasonable and not subject to the good-faith exception. (*People v. White* (2003) 107 Cal. App. 4th 636, 643; see also, *In re Arthur J.* (1987) 193 Cal. App. 3d 781 [good faith did not excuse an

---

[6] See, e.g., Vehicle Code section 22102 (U-turn in business district), which provides: "No person in a business district shall make a U-turn, except at an intersection, or on a divided highway where an opening has been provided in accordance with Section 21651."

[7] During oral argument, the People conceded that, had the lot in question been residential, section 84.09(a) would not have been violated even if a commercial establishment existed elsewhere on the block. They argued simply that the facts here showed the defendant must have been riding his bike in front of one of the commercial establishments on the block. The record does not support this claim.

officer's mistake regarding hours covered by local curfew ordinance].) The officers did not have reasonable cause to stop and detain the defendant based upon San Diego Municipal Code section 84.09, subdivision (a) when their only observation of him was in front of the former Lee's Auto Repair, a business no longer in operation. The People failed to prove the sidewalk was in front of a "commercial business establishment."

### Conclusion

The pre-trial Order of the trial court denying the suppression motion is reversed and all evidence subsequent to the unlawful stop is suppressed. This matter is remanded to the trial court for further action consistent with this Opinion.

_____
GALE E. KANESHIRO
Judge, Appellate Division

WELLS, P.J., concurring:

I concur.

_____
KERRY WELLS
Presiding Judge, Appellate Division

CAMPOS, J., concurring:

I concur.

_____
YVONNE E. CAMPOS
Judge, Appellate Division

Attorney for Appellant

Robert Ford, Deputy Public Defender

Attorney for Respondent

Shelley A. Webb, Deputy City Attorney