Filed 9/25/15  P. v. McThrow CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DEANDRE RAY McTHROW,<br><br>    Defendant and Appellant. | F069434<br><br>(Super. Ct. No. BF153351A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush and Colette M. Humphrey, Judges.[†]

Tutti Hacking, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P. J., Detjen, J. and Smith, J.

[†]    Judge Bush presided over appellant's motion to suppress; Judge Humphrey presided over appellant's sentencing hearing.

## INTRODUCTION

Appellant Deandre Ray McThrow was charged with vehicle theft (Veh. Code, § 10851, subd. (a), count 1), possession of a stolen vehicle (Pen. Code, § 496d, count 2), and transportation of marijuana (Health & Saf. Code, § 11360, subd. (a), count 3). He pleaded no contest to counts 1 and 2, admitted various enhancement allegations against him, and count 3 was dismissed. Appellant was sentenced to 16 months in prison.

Appellant contends the trial court erred by denying his motion to suppress because the officer who initiated a traffic stop of the vehicle he was driving lacked an objectively reasonable basis to do so. We disagree and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant moved to suppress the evidence obtained against him pursuant to Penal Code section 1538.5. The following statement of facts are derived from the reporter's transcript from the motion to suppress hearing.

On February 15, 2014, at approximately 11:00 p.m., Officer Claude Brooks from the Bakersfield Police Department was on duty with his partner in the area of the 400 block of East 19th Street in Bakersfield. Officer Brooks observed a gold Toyota Corolla driving in the opposite direction and trained his spotlight on the vehicle as it passed. In so doing, Officer Brooks saw numerous necklaces hanging from the rearview mirror of the vehicle. Although he could not recall the exact size of the necklaces, his observation was that it was sufficient to obstruct the driver's view of the front window. Believing this to be a violation of the Vehicle Code, he made a U-turn to initiate a traffic stop.

Officer Brooks located the vehicle parked in a parking lot. When he approached the vehicle and asked the driver, appellant, for his driver's license, appellant responded that he did not have a valid license. From his vantage point, Officer Brooks observed that the necklaces appeared to obstruct the driver's view through the front windshield.

Officers discovered the vehicle was stolen from Pearl Ann Jimenez Morales. Morales was called to the scene where she took possession of the vehicle. She testified

2.

only one object was hanging from her rearview mirror, which was like a string, but she could not recall whether anything was attached to it. Although Morales initially testified the necklace obstructed her view, she subsequently stated that her view was not obstructed, but that it could be if she turned fast. She also testified that she knew she was not supposed to have an object hanging on her rearview mirror.

Following oral argument, the trial court denied appellant's motion to suppress, finding sufficient evidence to justify Officer Brooks's detention[1] of appellant based on his suspicion that appellant was in violation of the Vehicle Code.

## DISCUSSION

In ruling on a motion to suppress, the trial court finds the historical facts, selects the rule of law, and applies the rule of law to the facts to determine if the law as applied has been violated. (*People v. Saunders* (2006) 38 Cal.4th 1129, 1133–1134.) "[W]e view the record in the light most favorable to the trial court's ruling, deferring to those express or implied findings of fact supported by substantial evidence." (*People v. Jenkins* (2000) 22 Cal.4th 900, 969.)

"The Fourth Amendment protects against unreasonable searches and seizures." (*People v. Hernandez* (2008) 45 Cal.4th 295, 299, citing U.S. Const., 4th Amend.) Since routine traffic stops are considered investigatory detentions, an officer must have specific and articulable facts to justify the suspicion that an offense is occurring. (*In re Raymond C.* (2008) 45 Cal.4th 303, 307; *People v. Wells* (2006) 38 Cal.4th 1078, 1082–1083.) It is permissible for law enforcement officers to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" (*United States v. Arvizu* (2002) 534 U.S. 266, 273 (*Arvizu*).) However, an investigative stop is

---

[1] Respondent does not challenge the court's finding that a detention occurred. Thus, we do not address this argument, raised in appellant's brief.

3.

unlawful if it is based on "mere curiosity, rumor, or hunch," even though the officer may be acting in good faith. (*In re Tony C.* (1978) 21 Cal.3d 888, 893.) Courts examine the totality of the circumstances to determine if an officer's investigative detention was reasonable. (*Arvizu, supra*, at p. 273.)

Appellant argues that the court improperly denied his motion to suppress because Officer Brooks did not have an objectively reasonable basis to conduct a traffic stop of the vehicle he was driving.[2] Respondent asserts that Officer Brooks had specific and articulable facts to reasonably believe that the object violated Vehicle Code section 26708, subdivision (a)(2)[3] which provides that "[a] person shall not drive any motor vehicle with any object or material placed, displayed, installed, affixed, or applied in or upon the vehicle that obstructs or reduces the driver's clear view through the windshield or side windows."

The question before this court is not whether the object hanging from the rearview mirror actually obstructed appellant's view, but whether it was objectively reasonable for Officer Brooks to believe it did. We find that it was.

In *People v. White* (2003) 107 Cal.App.4th 636, 642 (*White*), Division Five of the Court of Appeal, First Appellate District, held that the detention of the defendant had not been supported by specific and articulable facts justifying the detaining officer's belief the driver's view was obstructed pursuant to section 26708. The court reasoned that the officer never testified that he believed the object at issue, an air freshener, obstructed the driver's view, and did not identify "other specific and articulable facts, like hesitant or erratic driving, that might suggest the driver's clear view was impeded." (*White*, *supra*, at p. 642.) The court also expressed reluctance accepting that the air freshener could

---

**2** Although appellant also challenges his detention on the basis that Officer Brooks's spotlight was illegally trained on him, we agree with respondent that the issue is forfeited on appeal as it was not raised in appellant's motion to suppress.

**3** All undesignated section citations are to the Vehicle Code unless otherwise stated.

actually obstruct a driver's view. (*Ibid.*) Conversely, the defense presented evidence from a civil engineer, who testified that the air freshener covered less than .05 percent of the total surface of the car's windshield, as well as testimony from the defendant that the object did not obstruct his view while driving. (*Ibid.*)

In *People v. Colbert* (2007) 157 Cal.App.4th 1068, the Sixth Appellate District upheld the trial court's denial of the defendant's motion to suppress. The court found that specific and articulable facts justified the detaining officer's conclusion that an air freshener hanging from a rearview mirror violated section 26708, subdivision (a)(2). (*People v. Colbert, supra,* at p. 1068.) The officer in *Colbert* testified the air freshener was large enough to obstruct the driver's view through the front windshield, he was able to describe its precise dimensions, he explained that he had personally experienced an obstructed view when he hung a similar-sized object in his personal vehicle, and that the proximity of the object to the driver's face would obstruct the view of larger objects, including vehicles or pedestrians. (*Id.* at p. 1073.)

This case is distinguishable from *White* and analogous to *Colbert*. The evidence offered by the defense in *White* was substantial. In *White,* the defense presented testimony from a civil engineer who testified that the air freshener covered only .05 percent of the entire windshield. (*White, supra,* 107 Cal.App.4th at p. 642.) Here, defense counsel offered the testimony of Morales, who initially said the object obstructed her view, before reversing her testimony and stating that while she knew she was not supposed to have the object hanging, it did not obstruct her view. While Morales testified the object was "like a string," she also indicated it could interfere with her view if she made a quick turn.

Appellant places much emphasis on Morales's testimony that there was only one necklace, which was "like a string." He contends that Officer Brooks's testimony was not credible in light of his observation that there were numerous necklaces, and because

5.

strings are likely to be extremely thin, he reasons the evidence cannot support a reasonable suspicion that the string sufficiently obstructed the driver's view.

As a threshold matter, appellant's reliance on Morales's description of the item as "like a string," ignores Morales's testimony which indicates the item was larger than a typical string. Although Morales testified the item was like a string, she also testified that she could see how the object could interfere with her view if she made a quick turn, and she initially testified that the object did, in fact, obstruct her view. Furthermore, the object was thick enough that it was visible from Officer Brooks's police vehicle after he trained his spotlight on the gold Toyota Corolla.

Significantly, even something as thin as a crack in a windshield may provide reasonable cause to stop a vehicle on the ground that a Vehicle Code violation was occurring. (See § 26710 ["It is unlawful to operate any motor vehicle upon a highway when the windshield or rear window is in such a defective condition as to impair the driver's vision either to the front or rear"]; see also *People v. Superior Court* (1968) 266 Cal.App.2d 685, 689–690 [finding that a cracked windshield may impair visibility and officer leaning into vehicle to inspect the crack was reasonable].)

Additionally, the officer in *White* never testified that he believed the offending object obstructed the driver's view. Here, similar to the officer in *Colbert*, Officer Brooks testified that the purpose for the stop was his observation that a Vehicle Code violation had occurred. Officer Brooks also indicated that when he approached the vehicle, it appeared from his vantage point that someone seated in the driver's seat of the vehicle would have an obstructed view given the size of the object. Appellant's argument that Officer Brooks detained him under the mistaken belief that *any* object hanging from the vehicle's rearview mirror violated the Vehicle Code is, therefore, without merit. Further, because he observed the object for more than a brief fleeting moment, it is unlikely Officer Brooks was mistaken as to the fact that the object obscured appellant's view, as appellant also asserts.

6.

While Officer Brooks could not estimate what percentage of the windshield was obstructed by the object, and did not testify that appellant was driving erratically, suggesting his clear view was impeded, testimony to this effect is helpful, but not dispositive. Nothing in either *Colbert* or *White* suggests that such a showing is necessary before a traffic stop can be found lawful when the stop is made pursuant to section 26708, subdivision (a)(2).

We note that the trial court placed great weight upon Morales's testimony that she knew she was not supposed to have the necklace hanging on her rearview mirror. However, the record makes clear that in finding sufficient evidence supported the detention, the court considered the credibility and testimony of both Officer Brooks and Morales, finding that their testimony was reconcilable in that it established the object potentially obstructed the driver's clear view through the windshield.

We find that substantial evidence supports the finding that Officer Brooks had specific, articulable reasons for suspecting that appellant was in violation of section 26708, subdivision (a)(2). The trial court therefore properly denied his motion to suppress evidence.

## DISPOSITION

The judgment is affirmed.