# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 05-3761

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEMARCO L. MCDONALD,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 CR 30007—**William D. Stiehl**, *Judge.*

ARGUED FEBRUARY 13, 2006—DECIDED JULY 17, 2006

Before KANNE, EVANS, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Demarco McDonald was
arrested for possession of a firearm by a felon, in viola-
tion of 18 U.S.C. § 922(g)(1). Police found a gun in his car
when they stopped him for using his turn signal while
rounding a bend in a street. After the district court denied
his motion to suppress evidence seized as a result of the
stop, McDonald entered a conditional guilty plea reserving
his right to appeal the denial of his motion to suppress.
McDonald contends on appeal that his use of the turn
signal was not illegal under Illinois law and that a police
officer's mistaken belief about the law could not sup-
port probable cause for his arrest. We agree and therefore
reverse the decision of the district court.

## I. BACKGROUND

On November 20, 2004, Belleville, Illinois police officers Michael Pearce and Timothy Lay stopped McDonald's car after they received an anonymous tip and believed McDonald fit the description. As Officer Pearce approached McDonald, he noticed a gun on the floor of the car. Because McDonald had previously been convicted of a felony, he was charged under § 922(g)(1) for being a felon in possession of a firearm. McDonald moved to suppress evidence pertaining to the gun, initially arguing that the officers should not have pulled him over because the anonymous tip alone was not sufficient evidence to provide probable cause to stop him. The government responded, however, that McDonald was actually stopped because he used his turn signal but never turned onto a different street. The officers believed that was a traffic offense under 625 Ill. Comp. Stat. 5/11-804(d) (2005). McDonald responded that § 5/11-804 did not prohibit his actions and that Officer Pearce's mistake of law could not justify a traffic stop.

Officer Pearce testified at the hearing on the motion, stating that the police received a tip claiming that a black male driving a maroon Buick possessed drugs and a handgun. Later that night, the officers saw a car matching that description and began to follow it. When the driver flashed his turn signal at a ninety-degree curve in the road where the road changed names, Officer Pearce stopped the car. He testified that he consulted his "Offense Code Book" (a guide for police officers that catalogs traffic laws), which listed an offense for "Improper use of turn signal"—the book contained a citation to § 11-804(d) but provided neither the statutory language nor any further description of the offense. Officer Pearce concluded that McDonald did not need to use his turn signal at the bend in the road and that he must have improperly used the signal.

The district court ruled that the anonymous tip would probably not have been a sufficient ground to stop McDon-

ald, but that the stop was warranted because Officer Pearce reasonably believed McDonald's use of the turn signal was a violation of state law. The district court also stated in a footnote that although the statute does not specifically proscribe McDonald's use of the turn signal, "it could, arguably, be so interpreted." The court denied the motion to suppress. McDonald then pled guilty, but reserved his right to appeal the denial of his suppression motion.

## II. ANALYSIS

On appeal, McDonald reiterates his argument that the officers stopped him based on an incorrect interpretation of the law, and that a mistake of law cannot support probable cause. We review a district court's determination of probable cause de novo and its underlying factual findings for clear error. *United States v. Breit*, 429 F.3d 725, 728 (7th Cir. 2005).

Police can stop an automobile when they have probable cause to believe that the driver violated even a minor traffic law. *United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)). Probable cause exists when an officer reasonably believes that a driver committed a traffic offense. *Id.* In addition, under *Terry v. Ohio*, 392 U.S. 1, 30 (1968), police may conduct a brief, investigatory traffic stop if they have reasonable suspicion based on articulable facts that a crime is about to be or has been committed. *United States v. Baskin*, 401 F.3d 788, 791 (7th Cir. 2005); *United States v. Wimbush*, 337 F.3d 947, 949-50 (7th Cir. 2003). A stop and search can be reasonable even if the defendant did not actually commit an offense as long as the officer reasonably believed an offense occurred. *United States v. Cashman*, 216 F.3d 582, 587 (7th Cir. 2000).

The government maintains that it had probable cause to stop McDonald because Officer Pearce reasonably be-

lieved McDonald was violating § 5/11-804(d). We are not aware of any decision in which an Illinois court has considered whether a driver who continues to proceed on the same street after engaging his or her turn signal violates § 5/11-804(d). We must, therefore, analyze the issue as we expect the Illinois Supreme Court would if it were deciding the case. *Carter v. Tennant Co.*, 383 F.3d 673, 682 (7th Cir. 2004). According to the Illinois Supreme Court, the primary rule for statutory construction is to "give effect" to the intent of the legislature, and the best evidence of that intent is the plain meaning of the language. *Id.*; *People v. Powell*, 217 Ill. 2d 123, 135 (Ill. 2005).

The statute states that a car's "electric turn signal device . . . must be used to indicate an intention to turn, change lanes or start from a parallel parked position." § 5/11-804(d). The statute also provides that the signal "must not be flashed on one side only on a parked or disabled vehicle or flashed as a courtesy or 'do pass' signal to operators of other vehicles approaching from the rear." *Id.* The statute does not state, however, that a driver must turn onto a different road once the turn signal is activated.

The government has not provided any evidence that § 5/11-804(d) was intended to address McDonald's act of proceeding on the same street after engaging his signal at a bend in the road. In an analogous case, the Fifth Circuit interpreted a Texas statute with similar language,[1] ruling

---

[1]    The Texas statute states:

(a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.

(b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of

(continued...)

that "a plain reading of the Code provisions at issue does not support the view that having a turn light on without turning or changing lanes is a violation of Texas law." *United States v. Miller*, 146 F.3d 274, 278 (5th Cir. 1998). The court explained that "[i]t is hard to reconcile the legislature's view that these particular uses of signaling had to be identified as violations if it intended that any other uses not specifically authorized were to be considered violations." *Id*. Similarly, the plain language of the Illinois statute does not indicate a legislative intent to encompass McDonald's use of the turn signal, and the government has not provided any evidence to show otherwise.

Officer Pearce was thus mistaken in his belief that McDonald's conduct violated the law, and now we must consider whether the officer's erroneously held belief could nonetheless provide probable cause to justify the stop. Although we have not yet addressed the issue, several other circuits have determined that even a reasonable mistake of law cannot support probable cause or reasonable suspicion. In *Miller,* the Fifth Circuit determined that because driving straight with an engaged turn signal is not a violation of Texas law, "no objective basis for probable cause justified the stop." *Miller*, 146 F.3d at 279. Similarly, the Ninth Circuit agreed that when a traffic stop is not "objectively grounded in the governing law," a mistake of law "cannot justify the stop under the Fourth Amendment." *United States v. Lopez-Soto*, 205 F.3d 1101, 1106 (9th Cir. 2000).

---

[1] (...continued)
movement of the vehicle before the turn.

(c) An operator may not light the signals on only one side of the vehicle on a parked or disabled vehicle or use the signal as a courtesy or 'do pass' signal to the operator of another vehicle approaching from the rear.

Tex. Transp. Code Ann. § 545.104 (Vernon 1997).

The Tenth and Eleventh Circuits have come to the same conclusion. *See United States v. Tibbetts*, 396 F.3d 1132, 1138 (10th Cir. 2005) (explaining that "failure to understand the law by the very person charged with enforcing it is not objectively reasonable"); *United States v. Chanthasouxat*, 342 F.3d 1271, 1279 (11th Cir. 2003) (holding that "a mistake of law cannot provide reasonable suspicion or probable cause to justify a traffic stop"). The Eighth Circuit, however, has held to the contrary. *See United States v. Martin*, 411 F.3d 998, 1001 (8th Cir. 2005) (stating that objectively reasonable mistakes of either law or fact can support probable cause).

We agree with the majority of circuits to have considered the issue that a police officer's mistake of law cannot support probable cause to conduct a stop. Probable cause only exists when an officer has a "reasonable" belief that a law has been broken. *Muriel*, 418 F.3d at 724. Law enforcement officials have a certain degree of leeway to conduct searches and seizures, but "the flip side of that leeway is that the legal justification must be objectively grounded." *Miller*, 146 F.3d at 279. An officer cannot have a reasonable belief that a violation of the law occurred when the acts to which an officer points as supporting probable cause are not prohibited by law.

It makes no difference that an officer holds an understandable or "good faith" belief that a law has been broken. Whether the officer's conduct was reasonable under the circumstances is not the proper inquiry. *See Chanthasouxat,* 342 F.3d at 1279. Rather, "the correct question is whether a mistake of law, no matter how reasonable or understandable, can provide the objectively reasonable grounds for providing reasonable suspicion or probable cause." *Id.* The answer is that it cannot. A stop based on a subjective belief that a law has been broken, when no violation actually occurred, is not objectively reasonable.

By all indications, Officer Pearce genuinely believed McDonald had violated the law when he did not turn onto a different road after engaging his signal. As the government highlights, the Offense Code Book Officer Pearce consulted at the time of the stop listed improper use of a signal as a violation, and it did not provide the statute's text. Moreover, no reported case had addressed whether conduct similar to McDonald's violated § 5/11-804(d).

Even though Officer Pearce may have acted in good faith, there is no good faith exception to the exclusionary rule when, as here, an officer makes a stop based on a mistake of law and the defendant is not violating the law. *Chanthasouxat,* 342 F.3d at 1279-80; *Lopez-Soto*, 205 F.3d at 1106; *United States v. Lopez-Valdez*, 178 F.3d 282, 289 (5th Cir. 1999). As the Ninth Circuit has explained, "To create an exception here would defeat the purpose of the exclusionary rule, for it would remove the incentive for police to make certain that they properly understand the law that they are entrusted to enforce and obey." *Lopez-Soto*, 205 F.3d at 1106; *see also Lopez-Valdez*, 178 F.3d at 289 ("[I]f officers are allowed to stop vehicles based on their subjective belief that traffic laws have been violated even where no such violation has, in fact, occurred, the potential for abuse of traffic stops as pretext for effecting stops seems boundless and the costs to privacy rights excessive.")

Finally, we note that the mistake of law at issue here is distinguishable from the circumstances in several cases cited by the government where an officer stopped a defendant based on a reasonable belief about a fact that later turned out to be wrong. *See Muriel*, 418 F.3d 720; *Cashman*, 216 F.3d 582; *United States v. Dexter*, 165 F.3d 1120 (7th Cir. 1999); *United States v. Smith*, 80 F.3d 215 (7th Cir. 1996). The government relies on these cases for the proposition that the relevant inquiry for probable cause or reasonable suspicion was not whether the defendant was actually guilty of violating the law, but whether the police had a

reasonable belief that the defendant was committing an offense. But the government's reliance on these cases is misplaced. In each of these cases, the officers relied on actual state laws when deciding to stop the defendants. When an officer makes a stop based on a mistake of *fact*, we ask only whether the mistake was reasonable. In contrast to the circumstances in the "mistake of fact" line of cases on which the government relies, even if McDonald acted exactly as Officer Pearce believed, his actions were not a violation of any Illinois state traffic law.

Because the officers here did not have probable cause to stop McDonald, the district court should have granted his motion to suppress.

### III. CONCLUSION

Accordingly, the district court's decision is REVERSED and we REMAND for further proceedings consistent with this opinion.

No. 05-3761 9

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*