CADY, Justice
(special concurrence).
I agree in the result reached by the majority, but disagree with its reasoning. The majority adopts one rule of law over another to decide the issue in this case under a set of facts in which either rule would reach the same decision. I believe we should wait to decide between the better of the two rules of law when the facts allow the fine points of the rules to be fleshed out and their true merits revealed.
The majority identifies the issue in the case as whether a mistake of law by a police officer may provide probable cause to authorize a traffic stop. It then identifies the existence of two schools of thought — a majority rule that concludes mistake of law cannot provide probable cause and a minority rule that uses the reasonableness standard of the Fourth Amendment to gauge whether a mistake can provide probable cause for a stop.
Not surprisingly, the two rules originate at the same spot — the Reasonableness Clause of the Fourth Amendment. It is universally agreed that a stop is reasonable as long as the police officer reasonably believed a criminal offense was committed, even if a defendant was not actually committing an offense. United States v. McDonald, 453 F.3d 958, 960 (7th Cir.2006). From this point, the majority reasons that a police officer’s mis *655 taken belief in the existence of a law prohibiting the conduct can never support probable cause because such a belief could never be objectively reasonable. Id. at 961. Of course, many policy grounds accompany this position, as the majority identifies. Yet, the minority rule actually reaches the same conclusion, and the real difference between the two approaches appears to be the willingness of the minority rule to recognize that the distinction between a mistake of law and a mistake of fact can be very difficult to discern and depends upon the particular facts and circumstances in each case. Application of law always depends upon the facts. The minority approach simply stays with the reasonableness doctrine throughout the analysis to sort through those facts and circumstances of the case to determine if a stop tainted with mistaken impressions of the law by the police officer could nevertheless be objectively reasonable. Yet, in those cases, like this case, in which no law actually covered the conduct observed by the police officer, the mistaken belief of the police officer that the conduct violated the law can never be objectively reasonable under the minority rule. See United States v. Washington, 455 F.3d 824, 827-28 (8th Cir.2006) (holding mistake of law is not objectively reasonable when the police officer believed a cracked windshield violated the law, but the actual law only prohibited physical objects on a windshield that obstructed the driver’s view). Yet, like the minority rule, even the majority rule would permit an officer’s mistaken impression of the law to support probable cause, as long as the law relied upon to make the stop otherwise prohibited the conduct. See United States v. Muriel, 418 F.3d 720, 724 (7th Cir.2005) (finding mistake by a police officer that the tailgating law utilized a two-car-length rule nevertheless supported probable cause because a law did exist prohibiting tailgating, and the facts supported a violation of the law); see also United States v. Martin, 411 F.3d 998, 1001-02 (8th Cir.2005) (finding officer’s mistaken belief that operating a motor vehicle with one nonfunctioning brake light violated the law was objectively reasonable due to the statute’s ambiguous terms).
Accordingly, there appears to be little difference between the two approaches in the law. The majority rule seems to address the specific situation when no law exists that prohibits the conduct witnessed by a police officer, and the minority rule is in agreement that no probable cause could be found in such a situation. The majority rule does utilize policy arguments to support its position, yet those policy arguments are inherent in the Fourth Amendment standard of reasonableness relied upon by the minority rule. In truth, the minority rule appears to be more helpful in its analysis because it allows for a principled resolution in those cases involving a mistake of law caused by a mistaken application of the facts. The majority rule applies to pure mistake-of-law cases and requires a separate analysis of the distinction between mistake of law and mistake of fact to resolve the more difficult cases.
As a result, I believe we should not adopt what has been described as the majority rule until we have a set of facts that would allow us to gain a full understanding of the best rule or approach to follow. The facts are an important component in a legal analysis, and the rule we adopt should reflect this analysis.
STREIT, J., joins this special concurrence.