[No. H035872. Sixth Dist. June 17, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS SANTOS SANCHEZ REYES, Defendant and Appellant.

## COUNSEL

J. J. Hamlyn III, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Eric D. Share and Christina vom Saal, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PREMO, J.**—Defendant Jesus Santos Sanchez Reyes was charged with transportation of cocaine (Health & Saf. Code, § 11352, subd. (a)), a felony, and two misdemeanors, giving false information to a peace officer (Pen. Code, § 148.9, subd. (a)), and driving with a suspended license (Veh. Code, § 14601.2, subd. (a)). The evidence against him was uncovered during a traffic stop made after a police officer noticed that defendant's vehicle had only one license plate—a Florida license plate—affixed to the rear of the vehicle. Defendant moved to suppress the evidence (Pen. Code, § 1538.5) arguing that the single Florida plate was not a violation of the law and, therefore, the officer had no objectively reasonable basis to stop him. The

motion was heard at the preliminary hearing where the magistrate denied it and held defendant to answer. Thereafter, defendant pleaded guilty and was placed on probation for three years. On appeal, defendant argues that the magistrate erred in denying his motion to suppress.

We agree with defendant. There was nothing about his vehicle to suggest that it was not properly registered in Florida. Assuming that the officer believed the single license plate was a violation of California law, he was wrong. Thus, the officer could have had no objectively reasonable suspicion that any traffic laws were being violated and, therefore, no lawful basis for stopping defendant's vehicle. The evidence discovered as a result of the stop should have been excluded. The error requires reversal.

## I. *Background*

On March 31, 2010, just before noon, Officer Matthew Blackmon of the Seaside Police Department was traveling southbound on Fremont Avenue when he passed a white van travelling in the opposite direction. Blackmon noticed that the van had no front license plate. Blackmon made a U-turn and came up behind the van intending to stop it. It was then that he saw a Florida license plate affixed to the rear of the van. Blackmon made the stop anyway. Defendant, who was the driver, gave the officer a false name and said he had no driver's license. When defendant pulled down the sun visor to retrieve the vehicle's certificate of title, out fell a plastic bag containing 0.1 gram of cocaine.

At the preliminary hearing Blackmon did not describe his reason for making the stop other than to agree that he initiated the traffic stop "[b]ecause of that lack of front license plate." In denying the suppression motion the magistrate did not make any express findings of fact. Thereafter, pursuant to a negotiated plea agreement, defendant pleaded guilty to the three counts and the trial court placed him on probation for three years. This timely appeal followed.

## II. *Discussion*

■ The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures . . . ." (U.S. Const., 4th Amend.) Generally, this means that warrantless searches are per se unreasonable unless the search falls within a recognized exception. (*Katz v. United States* (1967) 389 U.S. 347, 357 [19 L.Ed.2d 576, 88 S.Ct. 507].) One exception involves an investigatory stop of a vehicle based upon an objectively reasonable suspicion that the person stopped has broken the law. (*U.S. v. Twilley* (9th Cir. 2000) 222 F.3d 1092, 1095 (*Twilley*).) If the

stop does not meet this test, its " 'fruits' " cannot be used against the person whose Fourth Amendment rights were violated and a motion to suppress the evidence is appropriately granted. (*Wong Sun v. United States* (1963) 371 U.S. 471, 484–485 [9 L.Ed.2d 441, 83 S.Ct. 407].)

In reviewing a suppression ruling, "we defer to the superior court's express and implied factual findings if they are supported by substantial evidence, [but] we exercise our independent judgment in determining the legality of a search on the facts so found." (*People v. Woods* (1999) 21 Cal.4th 668, 673–674 [88 Cal.Rptr.2d 88, 981 P.2d 1019].) The legality of the stop and the admissibility of the evidence found as a result are assessed under federal constitutional standards. (*People v. Lomax* (2010) 49 Cal.4th 530, 564, fn. 11 [112 Cal.Rptr.3d 96, 234 P.3d 377].)

Perceived Vehicle Code violations may provide an officer with reasonable suspicion to stop a vehicle. The Vehicle Code provides, "When two license plates are issued by the [Department of Motor Vehicles] for use upon a vehicle, they shall be attached to the vehicle for which they were issued, one in the front and the other in the rear." (Veh. Code, § 5200, subd. (a).) Since California issues two license plates for motor vehicles other than motorcycles (*id.*, § 4850), the absence of a California license plate on the front of a vehicle is an established basis for a traffic stop. (*People v. Saunders* (2006) 38 Cal.4th 1129, 1136 [45 Cal.Rptr.3d 66, 136 P.3d 859] (*Saunders*).)

■ Where a license plate has been issued for a vehicle by a jurisdiction other than California, it "shall remain attached during the period of its validity to the vehicle for which it is issued while being operated within this State." (Veh. Code, § 5202.) Florida issues "one registration license plate" for all vehicles except commercial trucks weighing 26,001 pounds or more, in which case it issues two. (Fla. Stat. § 320.06, subd. (1)(a); see *id.*, 320.0706.) And the California Vehicle Code provides that when only one license plate is issued it is to be attached to the rear of the vehicle. (Veh. Code, § 5200, subd. (b).)

Blackmon was reasonably alerted to a possible violation of Vehicle Code section 5200 when he saw that defendant's van did not have a front license plate. But when Blackmon made the U-turn, he saw that the license plate on the rear of the van was from Florida. The van was clearly not a heavy commercial truck. Thus, the single rear plate was not a violation of either California or Florida law. Assuming the officer stopped the van because he thought the single plate was unlawful, he made a mistake of law. That which the officer accurately observed, and which caused him to suspect a violation, was not a violation of any law.

Our Supreme Court considered the mistake-of-law issue in *People v. Teresinski* (1982) 30 Cal.3d 822, 827 [180 Cal.Rptr. 617, 640 P.2d 753], where the officer stopped a vehicle around 2:00 a.m. because he thought he saw juveniles in it and the city had a 10:00 p.m. curfew for juveniles. But the curfew ordinance upon which the officer relied prohibited loitering on the streets after 10:00 p.m.; it did not prohibit riding in a vehicle. The vehicle was otherwise obeying all laws and its occupants displayed no suspicious behavior. The court rejected the People's argument that the stop should be upheld on the ground that the officer's action was based on a reasonable mistake of law, noting that "[c]ourts on strong policy grounds have generally refused to excuse a police officer's mistake of law." (*Id.* at p. 831.) The court did not decide whether a reasonable mistake of law under exceptional circumstances could validate police conduct "because in this case the officer's mistake cannot be found reasonable." (*Id.* at p. 832.) The curfew, with which the officer was very familiar, clearly did not prohibit the conduct the officer described. Under those circumstances, the officer's mistake of law did not provide objectively reasonable suspicion that the persons he stopped were violating the law.

The Attorney General argues that an officer cannot be expected to know the law of all 50 states and that we should follow *People v. Glick* (1988) 203 Cal.App.3d 796 [250 Cal.Rptr. 315] (*Glick*), which holds that a mistake of law can be reasonable. In *Glick*, a police officer stopped a vehicle with New Jersey license plates that did not have a current registration sticker like those required in California. The officer did not know that New Jersey does not require annual stickers on the license plate. It requires, instead, a windshield sticker evidencing the vehicle's having passed an annual inspection. Although the officer did not look for it, the vehicle did not have the windshield sticker, either. As it turned out, the vehicle was stolen from a California auto dealer; the New Jersey license plates belonged to a completely different vehicle. (*Id.* at p. 799.) The defendant argued that the police officer's mistake of law made the traffic stop unreasonable.

*Glick* recognized that California courts, including our Supreme Court, have found that a search and seizure prompted by a mistake of law is unlawful. (*Glick, supra*, 203 Cal.App.3d at pp. 801–802, citing *People v. Teresinski, supra*, 30 Cal.3d 822.) Nevertheless, the court went on to conclude that, since the touchstone of the Fourth Amendment analysis is reasonableness, the stop could be justified if the officer's mistake of law was reasonable. The court focused upon the officer's misinterpretation or ignorance of New Jersey law. The officer had previously stopped out-of-state vehicles for faulty registration and in each case, the state in which the vehicle was registered required registration stickers on license plates. (*Glick, supra*, at p. 799.) In addition, the New Jersey Vehicle Code, which *Glick* found to be obscure and ambiguous, "is not something the officer is reasonably expected to know or has an

opportunity to routinely enforce." (203 Cal.App.3d at p. 803.) Accordingly, *Glick* held that the officer's mistake was reasonable and the stop was lawful, although the result might be different if the vehicle were from a contiguous sister state. (*Ibid.*)

■ The Attorney General argues that the magistrate's ruling in this case is supportable under *Glick*, pointing out that Florida is not a contiguous state. But defendant points to two subsequent appellate cases, *People v. White* (2003) 107 Cal.App.4th 636, 641 [132 Cal.Rptr.2d 371] (*White*) and *Twilley, supra*, 222 F.3d 1092, which hold that a pure mistake of law cannot provide objectively reasonable suspicion to support a traffic stop. In *Twilley*, the officer mistakenly believed that a vehicle violated California law by displaying only one Michigan license plate. Since Michigan issues only one license plate, the vehicle was not in violation of the California Vehicle Code. *Twilley* held that "[a] suspicion based on such a mistaken view of the law cannot be the reasonable suspicion required for the Fourth Amendment, because 'the legal justification [for a traffic stop] must be objectively grounded.' [Citation.] In other words, if an officer makes a traffic stop based on a mistake of law, the stop violates the Fourth Amendment." (*Twilley, supra*, at p. 1096.) The government had argued that the officer's mistake was objectively reasonable because most states require two license plates and the officer did not have experience with vehicles registered in Michigan. *Twilley* rejected the argument. The officer was wrong about the law; his mistaken belief could not serve as a basis for a stop. " '[T]here is no good-faith exception to the exclusionary rule for police who do not act in accordance with governing law.' " (*Ibid.*, quoting *U.S. v. Lopez-Soto* (9th Cir. 2000) 205 F.3d 1101, 1106.)

In *White, supra*, 107 Cal.App.4th at page 643, the officer observed a vehicle with one Arizona license plate affixed to the rear of the vehicle. He stopped the vehicle, mistakenly believing that the single Arizona license plate was a violation of the law. But, like Michigan and Florida, Arizona requires only one license plate. Thus, that which the officer observed was not unlawful. *White* distinguished *Glick*, noting that the vehicle in its case came from a contiguous state. But *White* went further, stating, "More significantly, we do not believe a suspicion founded on a mistake of law can constitute the reasonable basis required for a lawful traffic stop." (*White, supra*, at pp. 643–644.)

Although the *Glick* analysis centered upon the officer's misunderstanding of New Jersey law, an analysis *White* rejected, the result in *Glick* could arguably be justified based upon the type of mistake the officer made. Where the officer is mistaken about which law is being violated, the mistake does not necessarily make a traffic stop unreasonable. (*U.S. v. Wallace* (9th Cir.

2000) 213 F.3d 1216, 1220.) In *Wallace*, for example, the officer was wrong about the manner in which a vehicle's tinted windows violated the Vehicle Code but he was right that the tinted windows were illegal. In *Glick*, the officer suspected the vehicle's registration was not valid because the license plate did not bear a current sticker. He was wrong about that, but he was justified in suspecting a registration violation because, viewed objectively, the vehicle did not bear any indication that its registration was current. In both *Wallace* and *Glick*, the vehicle, viewed objectively, displayed an irregularity sufficient to support a reasonable suspicion that the law was being broken. In the present case, the vehicle did not display any irregularity; the officer observed a circumstance that "does not in any way, shape or form constitute a crime." (*U.S. v. Wallace, supra,* at p. 1220.)

The majority of the federal circuits that have considered the issue agree that a stop is invalid under the Fourth Amendment when it is based upon an officer's mistake of law. (Compare *U.S. v. Chanthasouxat* (11th Cir. 2003) 342 F.3d 1271, *U.S. v. McDonald* (7th Cir. 2006) 453 F.3d 958, 960, *U.S. v. Tibbetts* (10th Cir. 2005) 396 F.3d 1132, 1138, *U.S. v. Lopez-Valdez* (5th Cir. 1999) 178 F.3d 282, 288, with *U.S. v. Smart* (8th Cir. 2005) 393 F.3d 767, 770.) In summing up the interplay between the reasonableness requirement and an officer's mistake of law, *U.S. v. McDonald, supra,* at pages 961 through 962, stated: "An officer cannot have a reasonable belief that a violation of the law occurred when the acts to which an officer points as supporting probable cause are not prohibited by law. [¶] . . . A stop based on a subjective belief that a law has been broken, when no violation actually occurred, is not objectively reasonable."

We agree with *White* and *Twilley* to the extent they hold that a pure mistake of law like that the officer apparently made here cannot provide objectively reasonable suspicion for a traffic stop. *Saunders, supra,* 38 Cal.4th 1129, upon which the Attorney General also relies, is not to the contrary. In *Saunders*, an officer stopped a pickup because it had no front license plate and an expired registration sticker on the rear license plate. There was a temporary permit in the rear window that appeared current, but the Supreme Court concluded that the stop was constitutional because there was no other ready means for the officer to verify whether the vehicle was currently registered. (*Id.* at p. 1131.) Without stopping the pickup, the officer could not tell if the temporary operating permit applied to the expired registration or to the missing license plate. "Moreover, the officer's suspicion that the vehicle was in violation of section 5200 was supported by the DMV procedures for replacing lost, stolen, or mutilated plates. Under those procedures, a registered owner must surrender or mail in 'the remaining plate(s).' [Citation.] Yet, as both parties testified, the pickup still displayed its rear license plate, which supported the inference that the registered owner had *not* initiated the process of replacing the missing plate." (*Id.* at p. 1137.)

In *People v. Hernandez* (2008) 45 Cal.4th 295, 297 [86 Cal.Rptr.3d 105, 196 P.3d 806], the Supreme Court held that it is impermissible for an officer to stop a vehicle displaying a temporary operating permit based upon the officer's belief that such permits are often forged. Such a stop must be premised upon cause to believe the particular permit observed is invalid. *Hernandez* distinguished *Saunders*, noting that in *Saunders* "the officer confronted an anomalous situation. The pickup had one license plate *and* a temporary permit. Under DMV regulations, those circumstances would appear to be mutually exclusive. As a result, the officer had ample justification to stop the truck to investigate." (*Id.* at p. 300.) In the case before us, there was no ambiguity.

■ If there are extraordinary circumstances that would render a mistake of law reasonable, this is not such a case. Even if the officer is not expected to know the law of all 50 states, surely he is expected to know the California Vehicle Code, which does not require two license plates if the jurisdiction issues only one. When the officer observed a vehicle with one out-of-state license plate mounted on the rear of the vehicle all he needed to know was whether the sister state issues one or two plates. This is not a factual ambiguity that can only be cleared up by stopping the vehicle and checking with the driver. It is a legal question. If the law enforcement officer does not know the answer, he or she is not authorized to make the stop anyway. As our Supreme Court explained, to hold otherwise "would provide a strong incentive to police officers to remain ignorant of the language of the laws that they enforce and of the teachings of judicial opinions whose principal function frequently is to construe such laws and to chart the proper limits of police conduct." (*People v. Teresinski, supra*, 30 Cal.3d at p. 832.) The Eleventh Circuit underscored the point: "We . . . note the fundamental unfairness of holding citizens to 'the traditional rule that ignorance of the law is no excuse' [citation] while allowing those 'entrusted to enforce' the law to be ignorant of it." (*U.S. v. Chanthasouxat, supra*, 342 F.3d at p. 1280, quoting *Bryan v. United States* (1998) 524 U.S. 184, 196 [141 L.Ed.2d 197, 118 S.Ct. 1939]; see also *State v. Louwrens* (Iowa 2010) 792 N.W.2d 649, 653.)

The traffic stop here was not based upon objectively reasonable suspicion that the vehicle was improperly registered or that it exhibited any other violation of law. Accordingly, the traffic stop violated defendant's Fourth Amendment rights. The motion to suppress should have been granted. The error is by its nature prejudicial where, as here, a defendant pleads guilty after the erroneous denial of his suppression motion. (*People v. Ruggles* (1985) 39 Cal.3d 1, 13 [216 Cal.Rptr. 88, 702 P.2d 170].) Accordingly, defendant must be allowed, if he chooses, to withdraw his guilty plea.

### III. *Disposition*

The judgment is reversed and the cause is remanded with directions to the trial court (1) to vacate the order denying defendant Reyes's suppression motion and enter a new order granting the motion; (2) to permit defendant to withdraw his guilty plea; (3) if defendant does withdraw his plea, to determine whether the district attorney intends to retry the case; and (4) to make such other orders as are necessary and appropriate.

Rushing, P. J., and Elia, J., concurred.