In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3554

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANDRE R. REAVES, also known as
MUHAMMED ABUDUL,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 1:13-cr-10096-JES-JEH-1 — **James E. Shadid**, *Chief Judge.*

ARGUED MAY 28, 2015 — DECIDED AUGUST 6, 2015

Before BAUER, EASTERBROOK, and RIPPLE, *Circuit Judges.*

BAUER, *Circuit Judge.* Andre R. Reaves was suspected of
dealing large quantities of heroin in the Peoria area. Working
with an informant, Peoria police learned that Reaves drove to
Detroit in a white Chrysler Pacifica on multiple occasions to
get his heroin supply. After confirming that Reaves owned a
white Chrysler Pacifica and after the informant picked Reaves
out of a line-up, the police set up four controlled buys between

the informant and Reaves. After the fourth buy, the police obtained a warrant to place a GPS tracker on Reaves's Pacifica.

On September 1, 2013, the GPS indicated that Reaves's Pacifica was heading to Detroit. Two days later, the Pacifica began its return trip to Peoria on Interstate 74. In Peoria, Officer Todd Leach observed the Pacifica illegally drift into a different lane without signaling and pulled the car over. Reaves's girlfriend, Jacquelyne Seekins, was driving and Reaves was a passenger. After asking Seekins whether she had been drinking, Officer Leach asked if he could search the vehicle to see "if there's anything illegal in there." Both Reaves and Seekins consented to the search. Officer Leach began searching the vehicle's interior.

Around this time, another officer discovered that Seekins had been driving on a suspended driver's license and Seekins was arrested for the offense. Officer Leach testified that he believed "consent was done" at this time, but at no time did Reaves or Seekins withdraw or limit the scope of the search. After Seekins's arrest, the police informed Reaves that the vehicle would be towed, impounded, and subjected to an inventory search. Reaves then accepted a ride to a nearby gas station.

After Reaves left, the officers continued searching Reaves's vehicle. During the search, the officers removed a suspicious looking side panel in the rear interior of the vehicle and discovered approximately 170 grams of heroin and $6,000 in cash. The car was then towed to the police station. At this point, police returned to the gas station where Reaves had been dropped off and arrested him.

On September 25, 2013, Reaves was charged with posses-sion with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On October 29, 2013, Reaves filed a motion to suppress all evidence obtained by the government following the stop and warrantless search of his car. He brought the motion on three grounds: (1) the police lacked probable cause to stop and search the Pacifica under the automobile exception to the Fourth Amendment's warrant requirement; (2) his consent had expired by the time of the search that yielded the heroin; and (3) the police did not have a lawful basis to impound his car and conduct an inventory search. The district court held an evidentiary hearing. At the hearing, the district court played a video recording of the traffic stop and took testimony from the police and Reaves. Notably, there was a dispute over the circumstances of the impoundment. Officer Leach testified that Reaves did not object to having his car impounded, but did ask for a ride. Reaves contested this version of events, testifying that he asked to drive his car away and only took the ride to the gas station because the police made him leave. Additional testimony revealed that even if Reaves had expressed a desire to drive the car away, the decision to impound the car had already been made and was final. After the hearing, the district court denied Reaves's motion to suppress. Although the court agreed that the impoundment and inventory search were invalid, it determined that the police had probable cause to pull over the Pacifica for a traffic violation and that Reaves's consent validated the search.

On June 19, 2014, Reaves pleaded guilty to the charge of possession with intent to distribute, preserving his right to

challenge the district court's suppression ruling on appeal. At sentencing on November 14, 2014, the district court sentenced Reaves to 60 months' imprisonment. Reaves filed the instant appeal on November 20, 2014.

## I. DISCUSSION

On appeal, Reaves challenges the district court's denial of his motion to suppress, arguing that the evidence seized during the traffic stop should be suppressed for two reasons. First, Reaves argues that the police lacked probable cause to pull over his Pacifica, so the subsequent stop (and eventual search) was not justified. Second, Reaves argues that even if the stop was justified, the search was improper because it exceeded the scope of the consent given and cannot be justified as an inventory search.

The district court concluded that Officer Leach had probable cause to pull over Reaves's Pacifica; Reaves contends this was error. We review a district court's determination of probable cause *de novo* and its underlying factual findings for clear error. *United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006). A factual finding is clearly erroneous where the reviewing court is "left with the definite and firm conviction that a mistake has been made." *United States v. Jackson*, 300 F.3d 740, 745 (7th Cir. 2002) (citation omitted). Due to the fact-specific nature of motions to suppress, we give special deference to the trial court that presided over the motion. *Id*.

Reaves contends that Officer Leach lacked probable cause to pull his car over for illegally drifting into the adjacent lane. Specifically, he contends that the video recording of the alleged violation shows that his vehicle "merely touched" the traffic

line, which is insufficient to support a violation. The district court concluded, however, that the video confirmed that Reaves's car drifted into the other lane. This finding of fact will not be disturbed on appeal absent a showing of clear error, *see id.*, and Reaves's conflicting interpretation of the video, without more, is insufficient to meet this burden. Furthermore, we "need only inquire whether the officer had probable cause to believe that a traffic violation occurred," *United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005), not whether a violation actually occurred. "An officer has probable cause for a traffic stop when she has an 'objectively reasonable' basis to believe a traffic law has been violated." *United States v. Dowthard*, 500 F.3d 567, 569 (7th Cir. 2007) (quoting *McDonald*, 453 F.3d at 961–62). Here, Officer Leach had an objectively reasonable basis to believe a traffic law had been violated. Another officer, Officer Corey Miller, testified to seeing Reaves's car illegally drift over the traffic line on Interstate 74. And Officer Leach testified to seeing the car drift into the other lane prior to pulling it over. Based on these facts in addition to the video recording, the district court did not err in finding that Officer Leach had probable cause to pull over Reaves's Pacifica.

The only remaining question, then, is whether the police had probable cause to search Reaves's car. We believe the automobile exception to the Fourth Amendment's warrant requirement is determinative, and although the district court did not rely on it, we may affirm the judgment of the district court on any ground supported in the record. *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010).

Under the automobile exception, "[t]he police do not need a warrant to search a vehicle when they have probable cause

to believe it contains evidence of criminal activity." *United States v. Edwards*, 769 F.3d 509, 514 (7th Cir. 2014). "Probable cause exists when based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched."

Reaves's car was pulled over for a traffic violation while Reaves was under investigation for trafficking narcotics. The investigation was supported by information from an informant, who described the details of Reaves's car to the police and identified Reaves himself from a line-up. The informant also told the police about Reaves's trips to Detroit for his heroin supply. Using this information, the police obtained a warrant to install a GPS tracker on Reaves's Pacifica and monitored Reaves's car along the route predicted by the informant.

We have found probable cause to search a suspect's vehicle existed under the automobile exception based, in part, on an informant's tip before. In *United States v. Washburn*, 383 F.3d 638 (7th Cir. 2004), we found that probable cause to search a vehicle existed where an informant provided inside information about the suspect's identity and his ties to drug trafficking where that information was later corroborated by law enforcement officials. *Id*. at 642–43. We also noted that the informant's reliability was confirmed as the officers "watched the events that [the informant] predicted unfold." *Id*. at 642. The same happened here. The informant told police that Reaves would drive his white Chrysler Pacifica up to Detroit to receive his heroin supply, and then return to Peoria. The officers observed Reaves doing exactly this via the warrant-authorized GPS tracker. A reasonable officer, knowing what Officer Leach

knew, would have had probable cause to believe Reaves's Pacifica contained evidence of criminal activity, namely drug trafficking, under these circumstances. Thus, the police had probable cause to search Reaves's vehicle pursuant to the automobile exception to the Fourth Amendment's warrant requirement and Reaves's motion to suppress was rightfully denied.

## II.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Reaves's motion to suppress.